RECEIVED
IN LAKE CHARLES, LA
MAR 24 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SAMUEL T. MAHFOUZ, ET AL. | CIVIL ACTION NO. 08-1934 |
| versus | JUDGE TRIMBLE |
| OM FINANCIAL LIFE INS. CO., ET AL. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING AND ORDER

Before the court is an appeal[1] by defendant OM Financial Life Insurance Company ("OM") of a recent ruling by Magistrate Judge Kirk granting plaintiffs' motion for remand.[2] Plaintiffs' underlying motion for remand sought relief on the basis that the addition of Brooks Harris Financial Services ("BHFS") and Brooks Harris ("Harris") destroyed diversity jurisdiction because these two defendants are residents of Louisiana, as is plaintiff. Plaintiffs reasoned that the suit was removed by defendants on the basis of diversity and that, given the joinder of BHFS and Harris, such basis no longer exists.

The order of remand[3] issued on February 3, 2009 by the magistrate judge found that OM failed to demonstrate that plaintiff had no possibility of recovery against BHFS and Harris in this case. Accordingly, the magistrate judge held that remand was appropriate because the proper

---

[1] R. 13.

[2] R. 7.

[3] R. 12.

1

joinder of BHFS and Harris destroys diversity jurisdiction under 28 U.S.C. § 1332.

A federal judge may refer to a magistrate judge, with enumerated exceptions, any pretrial matter pending before him.[4] Parties who object to any finding by the magistrate judge may file written objections thereto within ten (10) days of the issuance of the order in question.[5] The district judge shall modify only such portions of the magistrate judge's order which he finds to be clearly erroneous or contrary to law.[6] In making this determination, the district judge may not consider arguments not previously heard by the magistrate judge on the original referred motion.[7]

The doctrine of improper joinder or fraudulent joinder is a "narrow exception" to the general provision that complete diversity must exist among the parties pursuant to 28 U.S.C. 1332.[8] A party raising the defense of improper joinder in response to a motion to remand bears the heavy burden of proving that defense.[9] A finding of improper joinder may be based on (1) actual fraud in pleading facts supporting jurisdiction or (2) demonstration by the party opposing remand that plaintiff cannot possibly establish a cause of action against the nondiverse defendant.[10] In order to find improper joinder under the second prong of this analysis, the court must determine that there is no "arguably...reasonable basis" for predicting that applicable state

---

[4] 28 U.S.C. § 636(b)(1)(A).

[5] Fed. R. Civ. P. 72(a).

[6] Id.

[7] 8 Fed. Proc., L. Ed. § 20:205.

[8] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal citations omitted).

[9] Id.

[10] Id. (citing Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003).

2

law might impose liability.[11]

OM's appeal alleges that the magistrate judge erred in equating Harris' alleged act/omission as a continuing tort, the existence of which might allow plaintiffs to recover against him under Louisiana law as an agent of OM. Citing Bel v. State Farm Mut. Auto. Ins. Co.,[12] OM argues that continuing tort theory is a suspensive principle which cannot be applied to suspend a peremptive period such as La. R.S. 9:5606. OM asserts that R.S. 9:5606, forecloses recovery under Louisiana law against Harris in this case because plaintiffs certainly knew or should have known of Harris' failure to provide OM with plaintiff's change of address more than a year before this suit was filed in November of 2008. That statute provides that suits against insurance agents or brokers must be filed

> within one year from the date of the alleged act, omission, or neglect or within one year from the date that alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Plaintiffs argue that the lack of discovery in this case acts as a bar to a finding of improper joinder because the pleadings and facts on record demonstrate that it is possible for them to recover against Harris under Louisiana law, citing Division of Administration, Office of Risk Management v. National Union Fire Ins. Co. of America.[13] In Division of

---

[11] Id. (citing Ross, 344 F.3d at 462).

[12] 845 So.2d 377 (La. App. 1 Cir. 2/14/03).

[13] 2007-1134 (La. App. 1 Cir. 2/8/08), 984 So.2d 91, writ denied, 2008-0548 (La. 4/25/08), 978 So.2d 370.

3

Administration, the appellate court reversed the trial court's grant of summary judgment and found, instead, that it was possible for plaintiff to demonstrate that each omission by an insurance agent constituted a separate tort, but that the record before it was insufficient to prove or disprove the existence of these separate torts at that time. Plaintiffs before this court assert that the facts available to us in this case are even more sparse and, thus, are insufficient to justify a finding of improper joinder based on non-availability of remedy at state law. Plaintiffs allege that Harris had multiple opportunities and obligations to inform OM of Mr. Mahfouz's change of address and that, without discovery as to dates and communications between Harris and OM, it is not possible to count out multiple tort theory as a basis for recovery. The court agrees and, like the appellate court in Division of Administration, lacks the factual basis to find that recovery under Louisiana law is wholly unavailable to plaintiffs. As pointed out by plaintiffs, the record in this case is missing many facts which, until known, leave open the opportunity for plaintiffs to prove the existence of multiple torts by Harris.

Accordingly, the court finds that the order granting plaintiff's motion to remand was proper and is hereby **AFFIRMED**. Plaintiff's suit is to be remanded in accordance with the magistrate judge's prior order.

**THUS DONE AND SIGNED** in chambers at Lake Charles, Louisiana this 23rd day of March, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE